# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | |
|---|---|
| **ASHLEY HUMPHREY,** *individually and* *as next friend of* **J.H.,** *a minor*, | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) |
| | ) **NO. 1:26-cv-00037** |
| **MAURY COUNTY BOARD OF** **EDUCATION, et al.,** | ) ) **JUDGE CAMPBELL** |
| **Defendants.** | ) ) ) |

## <u>MEMORANDUM AND ORDER</u>

### I. INTRODUCTION

On April 16, 2026, Plaintiff Ashley Humphrey, proceeding pro se, initiated this civil action by filing a Complaint in her own name and as next friend of her minor son, J.H. (Doc. No. 1.) On April 20, the Court granted Plaintiff's application for pauper status. (Doc. No. 9.) The Court also found that, because federal litigants may "plead and conduct *their own* cases personally or by counsel," 28 U.S.C. § 1654 (emphasis added), and the Complaint included claims that were not Plaintiff's but J.H.'s, those claims not Plaintiff's "own" could not be litigated by her without an attorney (since she is not herself an attorney). The Court therefore ordered Plaintiff to submit an Amended Complaint that is either filed "by counsel who enters an appearance on the record of this case or, if filed pro se, [that] avoid[s] the assertion by the pro se Plaintiff of claims not her own." (Doc. No. 9 at 9.)

On April 22 and 23, Plaintiff notified the Court of changes in her contact information. (Doc. Nos. 10, 11.) Also on April 23, before receiving the Court's April 20 Order, she filed two "emergency" motions. Those two motions (Doc. Nos. 12, 13) are **DENIED** as moot, because they

did not account for the Court's April 20 Order and were subsequently replaced by the motions filed on April 28, described below.

## II. PLAINTIFF'S FILINGS IN RESPONSE TO APRIL 20 ORDER

On April 28, Plaintiff made seven pro se filings: a "Motion for Permission to Proceed Pro Se on Behalf of a Minor Child and Memorandum of Law" (Doc. No. 16); an Amended Verified Complaint (Doc. No. 17); a Second Amended Verified Complaint (Doc. No. 18); a "Certification of Efforts to Give Notice and Reasons Why Notice Should not be Required Under Rule 65(b)(1)" (Doc. No. 19); a "Motion for Leave to Submit Evidence Via USB Drive" (Doc. No. 20); and an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 21) and supporting Memorandum of Law. (Doc. No. 22.)

Rather than complying with the April 20 Order to file an Amended Complaint that, if filed pro se, did not include claims belonging to J.H., Plaintiff—knowing that her current motions for emergency relief depend upon her ability to represent J.H.'s interests pro se—filed a challenge to the April 20 Order and two pro se amendments that re-pled federal claims (under the Rehabilitation Act (RA), the ADA, and the Equal Protection Clause) and pendent state-law claims on J.H.'s behalf.[1] Thus, Plaintiff's first April 28 filing, her Motion for Permission to Proceed Pro Se on Behalf of a Minor Child (Doc. No. 16), is pivotal to the fate of her Amended Complaints and Emergency Motion. As explained below, this Court is bound by Sixth Circuit authority to overrule Plaintiff's challenge and to deny her motion to proceed pro se on behalf of her minor child.

---

[1] The Court had ordered Plaintiff to file an Amended Complaint that complies with Fed. R. Civ. P. 5.2(a)(3) and that, if filed pro se, avoids the assertion of claims not her own. (Doc. No. 9 at 9.) It appears that Plaintiff's first amendment, the "Amended Verified Complaint" (Doc. No. 17), is simply a Rule 5.2(a)(3)-compliant version of her original Complaint. To that extent, it complies with the Court's Order. For purposes of this Order, the Second Amended Verified Complaint is not considered to be Plaintiff's operative pleading.

"Parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is [his] own and does not belong to [his] parent or representative." *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("28 U.S.C. § 1654 … does not permit plaintiffs to appear pro se where interests other than their own are at stake," so "parents cannot appear pro se on behalf of their minor children") (quoted in *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018)); *see also Parker v. W. Carroll Special Sch. Dist.*, No. 21-5700, 2022 WL 2913982, at *2 (6th Cir. Mar. 14, 2022) (affirming dismissal without prejudice of plaintiff father's pro se assertion, on then-minor daughter's behalf, of claims under IDEA, ADA, RA, § 1983, and state law); *Chukwuani v. Solon City Sch. Dist.*, No. 19-3574, 2020 U.S. App. LEXIS 12863, at *4 (6th Cir. Apr. 21, 2020) (order) (finding that father "lacked standing to sue on [minor's] behalf" under IDEA, pursuant to "well-established" Sixth Circuit interpretation of § 1654 that is "[c]onsistent with other circuits") (citing, *e.g.*, *Cavanaugh*, 409 F.3d at 756); *Moses v. Gardner*, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016) ("As an initial matter, neither the district court nor the parties addressed Pamela Moses's pro se appearance on behalf of her minor son. … [T]he district court should have dismissed [the minor son's] claims without prejudice.") (relying on *Shepherd*, 313 F.3d at 970).

The Fifth Circuit has departed from the strict "counsel mandate" applied by the Sixth and other Circuit Courts of Appeal, allowing for consideration of whether another law, federal or state, designates the minor child's claim as the parent's "own" for Section 1654 purposes and would thus allow the parent to pursue the child's claim pro se. *See Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 286 (5th Cir. 2023). In so doing, the Fifth Circuit, without overruling any

3

binding precedent of its own, set itself apart from the published authority of its sister circuits. *See id.* at 285 & n.7 (noting that it is "[o]ur unpublished cases and authority from other circuits [that] have adopted an absolute bar against pro se parent representation"). As for the Sixth Circuit, while a recent panel in an unpublished decision referred to *Raskin* as "tak[ing] a more nuanced view of this subject" than did previous, published opinions of the Sixth Circuit which held to the counsel mandate "with little discussion," *Maras v. Mayfield City Sch. Dist. Bd. of Educ.*, No. 22-3915, 2024 WL 449353, at *2 (6th Cir. Feb. 6, 2024), the published opinions of the Sixth Circuit in *Cavanaugh* and *Shepherd* are not unclear, and they bind this Court even in the face of Plaintiff's arguments that their impact on indigent parents "creates an unconstitutional 'Catch-22.'" (Doc. No. 16 at 5–6); *compare Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2701, 221 L. Ed. 2d 966 (2025) (discussing *Raskin* and "a series of statutory, constitutional, and policy arguments challenging the 'counsel mandate'" but concluding that, "[a]s a three-judge panel, … we are bound by the rule set forth" in published circuit precedent "which holds that a parent may not proceed pro se on her children's behalf").

As briefly discussed in the Court's April 20 Order, even if the Court were to apply the *Raskin* standard in the instant case, the RA, ADA, and Section 1983 claims asserted here—based on discrimination against or deliberate indifference to J.H. and his needs—cannot be said to be Plaintiff's "own" under either federal or Tennessee law. Nothing in the RA, ADA, or Section 1983 would allow the Court to infer that J.H.'s claims under those statutes also belong to his parents. *See Chambers v. Sanders*, 63 F.4th 1092, 1100 (6th Cir. 2023) ("In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort.") (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)); *Wilt v. Smith Cnty. Sheriff's Off.*, No. 6:25-CV-00118-JDL, 2025 WL 2991307, at *6 (E.D. Tex. July 21, 2025), *report and*

4

*recommendation adopted*, 2025 WL 2988449 (E.D. Tex. Oct. 23, 2025) (finding that claims under § 1983, the ADA, and the RA "do not present a comparable analog to other claims that courts have recognized as forming exceptions to § 1654," i.e., Social Security appeals involving parents as representative payees); *Clayton v. Kroopnick*, No. 2:22-CV-12156, 2023 WL 5423623, at *4 & n.6 (E.D. Mich. June 23, 2023), *report and recommendation adopted*, 2023 WL 5411004 (E.D. Mich. Aug. 22, 2023) ("In the aftermath of *Winkelman*, District Courts within the Sixth Circuit have clarified that parents lack standing to assert personal claims on their own behalf for discrimination against their children under the ADA and Section 504 of the Rehabilitation Act.") (citing cases); *Parker v. W. Carroll Sch. Dist.*, No. 20-CV-1044-STA-TMP, 2020 WL 8513828, at *3 (W.D. Tenn. Nov. 24, 2020), *report and recommendation adopted*, 2021 WL 71962 (W.D. Tenn. Jan. 8, 2021 ("Several district courts in the Sixth Circuit have held that parents do not have standing to prosecute claims on their own behalf for discrimination against their children under the ADA or § 504. Here, Parker's personal claims under the ADA and § 504 are based on alleged discrimination against her daughter and her daughter being denied a free and appropriate public-school education. Accordingly, Parker's personal claims under the ADA and § 504 must be dismissed."). Though Plaintiff argues for an extension of *Winkelman*'s recognition that parents have rights independent from, but inextricably intertwined with, their child's right to an education (Doc. No. 16 at 4), this District has joined other courts in refusing "to extend the holding in *Winkelman* so as to confer independent standing on parents asserting claims under the Rehabilitation Act and the ADA." *Link ex rel. Link v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:12-CV-0472, 2012 WL 4506028, at *5 (M.D. Tenn. Sept. 28, 2012).

In Tennessee, "the parents of a minor child may not file a pro se complaint on behalf of their child, asserting the child's personal injury claims." *Beard v. Branson*, 528 S.W.3d 487, 495

(Tenn. 2017) (citing *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015) ("While [Tennessee] Rule 17.03 allows a parent to 'sue' on behalf of a minor child, the rule does not authorize a parent to practice law while acting on behalf of the child.")). Plaintiff argues that state law recognizes parents as the guardians of their minor children, and that her guardianship over J.H. includes the "statutory authority to manage his legal estate, which includes the civil rights claims at issue in this lawsuit." (Doc. No. 16 at 4 (citing Tenn. Code Ann. § 34-1-102).) This much is true. *See Denson ex rel. Denson v. Methodist Med. Ctr. of Oak Ridge*, No. E2023-00027-SC-R11-CV, ---S. W. 3d----, 2025 WL 2902229, at \*4 (Tenn. Oct. 13, 2025) (finding that the statutory rights and duties of a custodian are "broad enough to encompass the filing of a legal claim on behalf of the minor children") (citation omitted). However, this is not an argument for considering J.H.'s claims to be Plaintiff's own, such that they can be prosecuted without an attorney. If it were, "then all potential claims of a child in every possible factual scenario are the parent's own," and "[s]uch an interpretation would swallow § 1654 altogether." *Wilt*, 2025 WL 2991307, at \*6. *Compare also Garcia v. City of McAllen*, No. 7:25-CV-00364, 2026 WL 451524, at \*9 (S.D. Tex. Jan. 16, 2026), *report and recommendation adopted*, 2026 WL 449146 (S.D. Tex. Feb. 13, 2026) (citing cases from district courts within the Fifth Circuit "that have performed a *Raskin*-analysis on various cited laws, [and] have required clear and unambiguous authority to proceed pro se on behalf of a minor child," which they have found lacking).

In sum, Plaintiff's claims on behalf of J.H. fail at the threshold of the courthouse, as they cannot be litigated by Plaintiff pro se, and they are not presented by an attorney. Whatever merit there might be in her argument that separating J.H.'s claims from Plaintiff's own claims "would be illogical and inefficient" (Doc. No. 16 at 5), the Court is powerless to do otherwise than dismiss without prejudice all claims purportedly brought by Plaintiff as J.H.'s next friend. Accordingly,

Plaintiff's Motion for Permission to Proceed Pro Se on Behalf of a Minor Child (Doc. No. 16) is **DENIED**, and her claims on behalf of J.H. will be dismissed without prejudice by separate order.[2]

## III. EMERGENCY MOTION

The pending "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 21) must be denied, as it relies on claims and allegations of irreparable harm related to a party not properly before the Court, and not otherwise sufficient to justify emergency injunctive relief.

"Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Ciavone v. McKee*, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). In determining whether to issue a TRO or preliminary injunction, a district court must consider the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *E.g.*, *A&W X-Press, Inc. v. FCA US, LLC*, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022) (citing *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). "These four considerations are 'factors to be balanced, not prerequisites that must be met.'" *Id.* (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007)).

When evaluating for an alleged civil rights violation, "the likelihood of success on the merits often will be the determinative factor." *Thompson v. DeWine*, 976 F.3d 610, 615 (6th Cir.

---

[2] Although Plaintiff alternatively moved for appointment of pro bono counsel (*see* Doc. No. 16 at 7–8), the Court reserves judgment on this alternative request at this time.

2020) (per curiam), *cert. denied*, 141 S. Ct. 2512 (2021) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). "But even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *D.T. v. Sumner Cnty. Schools*, 942 F.3d 324, 326–27 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). "That factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit." *Id.*

With J.H.'s underlying claims being subject to dismissal without prejudice, Plaintiff currently has no likelihood of success on the merits of the claims upon which her request for emergency relief is grounded. *See FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (affirming denial of motion for injunctive relief "[b]ecause the complaint was properly dismissed" due to parent's improper attempt to represent minor daughter pro se, so parent "cannot show a likelihood of success on the merits"). Her only assertion of irreparable harm is the "permanent disability or death" she fears J.H. might suffer if he is forced to return to the school where his RA, ADA, and equal protection rights have allegedly been violated. (Doc. No. 22 at 4–5; *see also* Doc. No. 21 at 5.) But such fear of what might happen if Plaintiff chooses to return J.H. to school on May 1, 2026, and the bullies who previously threatened and last attacked him in February 2025[3] make good on their "new, specific threats" (Doc. No. 17 at 6) to attack him again,[4] despite the

---

[3]     The Court makes no finding at this point regarding the timeliness of any claim in suit. Although J.H. was apparently physically attacked on three occasions "[b]etween February 10 and February 20, 2025" (Doc. No. 21 at 2), it is not clear from the Amended Verified Complaint when Defendants last "used threats of truancy and child protective services referrals to coerce Plaintiff" into returning J.H. to school (Doc. No. 17 at 2), in violation of her First Amendment rights. (*Id.* at 8.) The Amended Verified Complaint states that such threats have been made "[f]or years, when [she] has kept J.H. home from school to protect him from bullying and physical harm." (*Id.* at 7.)

[4]     The Amended Verified Complaint alleges that, "[i]mmediately upon his planned return to school, J.H. was targeted by two specific students who made it clear they intended to physically fight him. For 4-5 days, they had waited for him in the hallways, postured aggressively, and even shouldered him in the chest at their last encounter." (Doc. No. 17 at 6.) It is not clear when this happened—after J.H. returned to school following the fights in 2025, or after his surgery in March 2026.

school's no-contact order, is not sufficient to demonstrate irreparable injury—that is, an injury that is "both certain and immediate, not speculative or theoretical." *D.T.*, 942 F.3d at 327 (citation and internal quotations marks omitted). Nor for that matter is Plaintiff's fear that, if she chooses to keep J.H. out of school again, the same Defendants who have threatened "for years" to file a truancy petition and refer her to child protective services may make good on that threat. *See id.* (finding no irreparable harm based on fear that, if parents choose not to enroll child in state-approved school, "the state *may* choose to prosecute them for truancy again") (emphasis in original).

"Because irreparable injury and likelihood of success on the merits have not been established, the Court need not review the remaining factors[.]" *Taylor v. James*, No. 1:25-cv-00079, 2025 WL 3232665, at \*6 (M.D. Tenn. Nov. 19, 2025); *see also Nat'l Hockey League Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 717 (6th Cir. 2003). For the reasons given above, Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 21) is **DENIED**.

## IV. CONCLUSION

In sum, as explained above, Plaintiff's prior emergency motions (Doc. Nos. 12, 13) are **DENIED** as moot; her "Motion for Permission to Proceed Pro Se on Behalf of a Minor Child" (Doc. No. 16) is **DENIED**, and her "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 21) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE