**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | | |
|---|---|---|
| ASHLEY HUMPHREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:26-cv-00037 |
| | ) | |
| MAURY COUNTY BOARD OF | ) | JUDGE CAMPBELL |
| EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. Procedural History

On April 16, 2026, Plaintiff Ashley Humphrey, proceeding pro se and in forma pauperis, initiated this civil action by filing a Complaint in her own name and as the purported next friend of her minor son, J.H. (Doc. No. 1.) Because the Complaint identified J.H. in violation of Federal Rule of Civil Procedure 5.2(a)(3), the Court ordered Plaintiff to file an Amended Complaint that complied with the Rule and that avoided the assertion by the pro se Plaintiff of claims belonging to her minor son. (Doc. No. 9, filed Apr. 20, 2026.)

Plaintiff filed her Amended Complaint on April 28, 2026. (Doc. No. 17.) A second Amended Complaint was filed that same day, but that amendment exceeded the scope of the Court's April 20 order and was not accompanied by a motion for leave to amend. *See* Fed. R. Civ. P. 15(a)(1)–(2) ("A party may amend its pleading once as a matter of course[.] ... In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). The Court therefore recognized Plaintiff's first Amended Complaint (Doc. No. 17) as her operative pleading. (*See* Doc. No. 23 at 2 n.1.)

On April 30, 2026, the Court observed that the Amended Complaint continued to assert claims brought by the pro se Plaintiff on behalf of her minor son. (Doc. No. 23.) The Court determined that, because such "next friend" claims are impermissible under binding Sixth Circuit precedent, Plaintiff's pro se claims on behalf of J.H. would be dismissed without prejudice by subsequent order. (*Id.* at 2–7.)

## II. Screening of the Amended Complaint

As of the date of this Order, the record reflects that Plaintiff has not secured legal representation but continues to proceed pro se. Her previous filings included an alternative request for appointment of counsel. (*See* Doc. No. 16 at 7.) The Court, having previously reserved judgment on this alternative request (*see id.* at 7 n.2), hereby denies it. Appointment of counsel for an indigent plaintiff in a civil action is "justified only in exceptional circumstances." *Miles v. Michigan Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), and *Lavado v. Keohane*, 992 F.2d 601, 606–07 (6th Cir. 1993)). No such exceptional circumstances are apparent in this case.

Accordingly, as discussed in the Court's April 30 Order,[1] the federal claims of the Amended Complaint that belong to J.H. but are asserted on his behalf by his mother, the Plaintiff, proceeding pro se—Counts I (Rehabilitation Act), II (Americans with Disabilities Act), and III (Equal Protection Clause) of the Amended Complaint—are hereby dismissed without prejudice.

The Amended Complaint's last remaining federal claim—Count IV, asserting First Amendment Retaliation—is asserted by Plaintiff not as next friend, but on her own behalf, and is therefore properly pursued pro se. For that claim to be viable, it must be supported by sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539,

---

[1]  *See* Doc. No. 23 at 4–5 ("Nothing in the RA, ADA, or Section 1983 would allow the Court to infer that J.H.'s claims under those statutes also belong to his parents.") (citing cases).

540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court must "at any time" dismiss a pauper's complaint that does not plausibly claim entitlement to relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at \*1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

"The government retaliates in violation of the First Amendment if (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Whiting v. City of Athens, Tennessee*, 170 F.4th 439, 448 (6th Cir. 2026) (citation and internal quotation marks omitted).

The Court has previously summarized Plaintiff's relevant factual allegations, as follows:

Plaintiff alleges that her 13-year-old son, J.H., is dependent upon a pacemaker due to a congenital heart defect. … Defendants—the Maury County Board of Education, Whitthorne Middle School (which J.H. attends), and various officials of the school and the relevant departments within Maury County government—have "[f]or years" ignored Plaintiff's reports of J.H.'s "disability-based harassment" or bullying by his peers. Approximately one year ago, J.H. was physically assaulted in gym class and received multiple blows to his chest. The school co-principals refused to investigate or discipline the other child, instead assigning blame to J.H. as the cause of the altercation. Plaintiff formally requested a meeting to develop a "Section 504 Plan" for J.H.'s safety, but her request was ignored. An attendance clerk then advised that Plaintiff could secure the meeting by letting J.H. "accumulate unexcused absences to trigger a mandatory truancy meeting."

At the resulting truancy meeting, the Defendant "504 Coordinator" refused to consider the results of Plaintiff's medical research showing that cardiac surgery commonly resulted in "neurocognitive and social-emotional delays." That Defendant also refused to provide any accommodations for J.H.

On the last day before a school break in March 2026, J.H. felt dizzy and went to the school nurses' office. The nurses, despite being aware of J.H.'s medical history,

3

gave him a peppermint and sent him back to class. The following morning, J.H. required … emergency surgery to repair his detached pacemaker lead. According to his doctors, "[a] repeat detachment could be fatal."

Upon his return to school, J.H. was targeted by two students who clearly "intended to physically fight him." Plaintiff subsequently accompanied J.H. to school, informed the administration of the new threats, and "demanded a safety plan." The administration responded by (1) informing Plaintiff that J.H. would need to serve a pre-existing in-school suspension, and (2) refusing to provide him any meaningful protection, but only an ineffectual "no-contact order." "For years, when [Plaintiff] has kept [J.H.] home from school to protect him from bullying, school officials have responded with threats of filing truancy petitions and making reports to [the Department of Children's Services]." Plaintiff fears these consequences if she keeps J.H. home, but also fears that returning J.H. to school now would place his life in jeopardy.

(Doc. No. 9 at 2–4 (internal citations omitted); *see* Doc. No. 17 at 1–2, 4–7.) Based on these allegations, the Amended Complaint claims that "Plaintiff Ashley Humphrey engaged in constitutionally protected speech by repeatedly reporting and complaining about the violation of her son's civil rights. In retaliation, Defendants have threatened her with adverse state action, including truancy proceedings and DCS referrals, to chill her speech and coerce her into silence." (Doc. No. 17 at 8 ¶ 38.)

Although the protected conduct and adverse action elements of Plaintiff's First Amendment retaliation claim may plausibly be established by her advocacy for her child's needs and Defendants' threat of truancy proceedings or a referral to DCS, *see Wenk v. O'Reilly*, 783 F.3d 585, 594–95 (6th Cir. 2015) (finding that advocacy for child's needs is protected conduct, and that school officials' report of child abuse to DCS is adverse action); *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) ("Even the threat of [a sufficiently] adverse action can satisfy this element[.]"), the Amended Complaint does not allege that these threats were made in response to Plaintiff's complaints about the bullying and harassment J.H. faced at school. Rather, the threats were allegedly made "[f]or years," on the occasions "when [Plaintiff] … kept J.H. home from school to

4

protect him from bullying and physical harm" (Doc. No. 17 at 7), as she contemplated doing at the time the Amended Complaint was filed. Plaintiff does not specify which Defendant(s) made the threats, which is also a problem. *See Mawalla v. Lakewood Bd. of Educ.*, No. CV 23-02734 (GC) (JBD), 2025 WL 624484, at *4 (D.N.J. Feb. 26, 2025) ("Plaintiff's failure to specify which Defendant was involved in the retaliatory action prevents the Court from undertaking further analysis. … Because the Court cannot ascertain which Defendants Plaintiff claims are liable, the retaliation claim must be dismissed without prejudice."). But the fatal defect in this claim is that the Amended Complaint fails to allege facts sufficient to "demonstrate a causal connection between [Plaintiff's] advocacy on [J.H.'s] behalf and the truancy charge and [DCS] complaint" threatened by Defendants. *L.G. by & through G.G. v. Bd. of Educ. of Fayette Cnty., Kentucky*, 775 F. App'x 227, 233 (6th Cir. 2019). Rather than being connected to Plaintiff's advocacy, the threats were instead connected to her decision to hold J.H. out of school when her advocacy failed to achieve the desired results. Therefore, because the causal connection element of the First Amendment retaliation claim is not plausibly alleged, this claim must be dismissed. *See id.* (affirming dismissal because plaintiff's "unspecific pleading [of a causal connection] has not 'nudged [his retaliation] claim[] across the line from conceivable to plausible.'" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

With the dismissal of all federal claims, it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). "Indeed, the Sixth Circuit applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed— retaining jurisdiction only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Lech v.*

*Gettel*, No. 22-CV-11197, 2023 WL 4686427, at *3 (E.D. Mich. July 21, 2023), *aff'd*, No. 23-1753, 2024 WL 2815971 (6th Cir. June 3, 2024) (citing *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011)) (internal quotation marks omitted). Accordingly, Plaintiff's claims under state law are dismissed without prejudice.

### III. Conclusion

To summarize:

Plaintiff's alternative request for appointment of counsel (Doc. No. 16 at 7) is **DENIED**.

Counts I (Rehabilitation Act), II (Americans with Disabilities Act), and III (Equal Protection Clause) of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE** because they cannot be litigated by the pro se Plaintiff on her son's behalf.

Count IV (Retaliation) of the Amended Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Counts V, VI, VII, VIII, IX, and X of the Amended Complaint (State Law Claims) are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to pursue them in state court.

This is the final order in this action. The Clerk **SHALL** close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6